Faulkner v. Powell.

---

IDA FAULKNER, APPELLEE, V. BENJAMIN E. POWELL ET AL., APPELLANTS.

FILED OCTOBER 5, 1904. No. 13,622.

Evidence examined, and *held* sufficient to sustain the judgment of the trial court.

APPEAL from the district court for Dawson county: CHARLES L. GUTTERSON, JUDGE. *Affirmed.*

*H. D. Rhea,* for appellants.

*Warrington & Stewart, contra.*

OLDHAM, C.

This was an action instituted in the district court for Dawson county by the appellee, as plaintiff, against appellant, as defendant, for the purpose of having a certain deed to real estate situated in said county, given by the appellee and her husband to the appellant, declared to be a mortgage and praying that the same be canceled for the reason that it had been fully paid and satisfied. There was judgment for the plaintiff below as prayed in her petition, and defendant brings the cause to this court on appeal.

To arrive at a conclusion, independent of the judgment of the trial court, we have carefully examined the testimony contained in the record, which is not at all lengthy, but four witnesses having been produced at the trial in the court below. About certain facts connected with the controversy there is no dispute. These are that the plaintiff and her husband have resided for a number of years on the land in controversy, and that, prior to the execution of the deed to defendant, the land was owned by plaintiff. It is also without dispute that plaintiff and her husband had executed a mortgage on the premises for the purpose of securing an indebtedness of plaintiff's husband to the McCormick Harvesting Machine Company for the sum of about $450, and before the making of the deed in controversy it is also undisputed that the agent of the harvester company called upon plaintiff's husband for a settlement of this debt, and that plaintiff's husband first offered to make him a deed for the premises without foreclosure in satisfaction of the debt; that during these negotiations plaintiff and her husband were represented by one Hammond, who is since deceased, and was at the time a member of the bar and a real estate agent; that Hammond suggested that the property could be sold for $100, and that the agent of the harvester company offered to take $100, and satisfy the mortgage in full. Plaintiff herself was not present at this conversation. Here the testimony varies.

Both plaintiff and her husband positively testify that Hammond agreed to advance $100 in payment of the claim if they would execute a deed as security for that amount It is not disputed that at this time Hammond had a number of notes and other securities of plaintiff's husband in his hands for collection, and that he acted for plaintiff's husband in the matter. Defendant Powell at this time was in the employ of Hammond, and he claims that he purchased the land absolutely for $100, and that there was no other agreement. He says, however, that he was not present at the time the deed was executed by the plaintiff, and that he had no conversation with her about the matter. On the contrary, she and her husband testified that the defendant was present and went with Hammond down to plaintiff's house to procure her acknowledgment of the deed, and Hammond explained to her that he took the deed in the name of the defendant because he, Hammond, was a lawyer and notary public and did not want the title in his own name. It is further in evidence that to procure this money Hammond and the defendant executed a note to one of the banks at Lexington, and forwarded the money so obtained to the machine company. Hammond died before the note matured, and defendant took it up at the bank. Afterwards, defendant collected. a claim of over $500 due plaintiff's husband from an insurance company, and retained an amount equal to what he had advanced, with interest, from this fund. Plaintiff's husband testified positively that he talked with defendant about the matter, and defendant told him the exact amount due for the money advanced to the company, the taxes paid, and deeds recorded in the transaction, and that he withheld this amount from the funds in his hands by agreement, and that defendant then agreed to reconvey the property to plaintiff. Defendant denies this agreement, but admits that he retained about the amount of money testified to by plaintiff's husband, but claims that he applied this to a claim that a coal company had against plaintiff's husband. It is in evidence that plaintiff has

lived on the land ever since the execution of the deed, and that she has never in any manner recognized defendant's claim of ownership of the premises. There is not a syllable of testimony that plaintiff ever agreed to execute the deed to the premises for any other purpose than that of securing the $100 advanced by Hammond for the satisfaction of the McCormick mortgage. In view of this record, we reach the same conclusion as the learned trial judge, and recommend that the judgment below be affirmed.

AMES and LETTON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.